[Cite as *State v. Philpot*, 2024-Ohio-2734.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-35 |
| | : | |
| v. | : | Trial Court Case Nos. 2022 CR 013; |
| | : | 2023 CR 081 |
| MARTI DANIELLE PHILPOT | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on July 19, 2024

· · · · · · · · · · ·

AMY E. BAILEY, Attorney for Appellant

KARA N. RICHTER, Attorney for Appellee

· · · · · · · · · · · ·

TUCKER, J.

{¶ 1} Defendant-appellant Marti Danielle Philpot appeals from her convictions for operating a vehicle while under the influence, aggravated possession of drugs, unauthorized use of a vehicle, vandalism, and failure to appear. Specifically, Philpot challenges the consecutive sentences imposed by the trial court. For the reasons set

forth below, we affirm.

## I.     Factual and Procedural History

{¶ 2} In January 2022, Philpot was indicted in Champaign C.P. No. 2022 CR 13 on four counts of operating a motor vehicle while under the influence (OVI) (methamphetamine, amphetamine, marijuana, alcohol), one count of aggravated possession of drugs (methamphetamine), one count of possession of marijuana, three counts of possession of dangerous drugs (Quetiapine Fumarate, Baclofen, Promethazine Hydrochloride), and one count of unauthorized use of a vehicle.   A warrant was issued for her arrest.

{¶ 3} After Philpot's arrest, she appeared for arraignment on February 3, 2023, and entered a plea of not guilty to each charge.   Philpot was released on her own recognizance.

{¶ 4} On February 14, 2023, Philpot filed a motion for intervention in lieu of conviction ("ILC").   That same day, a scheduling hearing was conducted.   The hearing was recessed for Philpot to undergo drug testing, and she tested positive for methamphetamine, amphetamine, and marijuana.   When the hearing resumed, Philpot admitted that her drug use was a violation of her conditions of bond.   The trial court revoked her bond, and Philpot was remanded to jail.

{¶ 5} On March 20, 2023, the court held a hearing at which Philpot entered a guilty plea to one count of OVI.   She also entered guilty pleas, for purposes of ILC, to the counts of aggravated possession of drugs and unauthorized use of a vehicle.   The other

counts were dismissed. Philpot was released on electronic monitoring pending sentencing, which was scheduled for April 17, 2023. Philpot failed to appear, however, and the trial court issued a capias for her arrest. Following notification that Philpot's ankle monitor had stopped transmitting, a notice of bond violation was filed.

{¶ 6} On May 1, 2023, Philpot was indicted in Champaign C.P. No. 2023 CR 81 on one count of failure to appear, one count of tampering with evidence, and one count of vandalism. An arrest warrant was issued.

{¶ 7} Sometime in September 2023, Ohio State Patrol officers located Philpot, who was sleeping in a vehicle in Butler County. Philpot was arrested on the outstanding warrant and ultimately returned to Champaign County. She was arraigned on October 2, 2023, in Case No. 2023 CR 81.

{¶ 8} On October 23, 2023, Philpot entered guilty pleas in Case No. 2023 CR 81 to the counts of failure to appear and vandalism; the count of tampering with evidence was dismissed.

{¶ 9} The trial court proceeded to sentencing in both cases. In Case No. 2023 CR 81, the trial court sentenced Philpot to prison terms of 18 months for failure to appear and 12 months for vandalism; those sentences were ordered to be served concurrently. In Case No. 2022 CR 13, the trial court terminated ILC and sentenced Philpot to three months for OVI, nine months for aggravated drug possession, and five months for unauthorized use of a vehicle; those three sentences were also ordered to be served concurrently. But the trial court ordered the sentences in each of the two cases to be served consecutively, for an aggregate prison term of 27 months.

**{¶ 10}** Philpot appeals.

## II. Consecutive Sentences

**{¶ 11}** Philpot's sole assignment of error states:

THE RECORD DOES NOT SUPPORT THE CONSECUTIVE-SENTENCE

FINDINGS THAT THE TRIAL COURT MADE.

**{¶ 12}** Philpot challenges the imposition of consecutive sentences.

**{¶ 13}** It is generally presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 2014-Ohio-3177, ¶ 23. However, after determining the sentence for a particular offense, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2020-Ohio-5031, ¶ 44 (2d Dist.).

**{¶ 14}** R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive service is necessary to protect the public from future crime or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following findings are made:

(a) The offender committed the offenses while awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. 2929.16, R.C. 2929.17, R.C. 2929.18, or was under post-release control;

(b) At least two of the offenses were committed as part of one or more

courses of conduct, and the harm was so great that no single prison term adequately reflects the seriousness of the conduct;

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5.

{¶ 16} Philpot does not dispute that the trial court made the requisite findings. Instead, she claims the findings were not supported by the record.

{¶ 17} The record demonstrates that Philpot had a criminal history unrelated to the instant offenses. The presentence investigation report (PSI) stated Philpot had a juvenile adjudication of delinquency by reason of committing an offense that would have constituted theft if she had been an adult. Further, the PSI showed she had a 2021 traffic offense in another jurisdiction for which she had failed to appear and which remained

pending at the time of these proceedings; additionally, she had a pending felony drug possession case in yet another jurisdiction.

{¶ 18} The record further demonstrated that Philpot initially violated the terms of her bond in Case No. 2022 CR 13 when she appeared in court and tested positive for drugs. She subsequently violated the terms of that bond again when she failed to appear for sentencing. More importantly, she vandalized her ankle monitor and absconded for a period of approximately five months until she was apprehended in another jurisdiction.

{¶ 19} The record contained information sufficient to support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4). Philpot has not demonstrated that the court's consecutive sentence findings were clearly and convincingly not supported by the record, as required for us to reverse her sentence. Accordingly, Philpot's sole assignment of error is overruled.

### III.    Conclusion

{¶ 20} Philpot's assignment of error being overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.